## No. 494 ·

No. 20385—The Tax Commission of Ohio v. Mary Meyers Parker, John C. Myers, Helen Myers Miller, and John. C. Myers as Administrator of the Estate of F. E. Myers, Deceased.

No. 20387—Mary Myers Parker, et al., v. Tax Commission of Ohio.

Error to the Court of Appeals of Ashland county.

635. INHERITANCE TAX—Transfer of Property—Contemplation of death—Burden of Showing—1. Section 5332-2 GC. providing that property transferred two years prior to death of transferor without valuable consideration shall be considered to have been transferred in contemplation of death unless shown to the contrary, places burden of showing transfer thus made was not made in contemplation of death upon transferee; and this provision casting such burden upon transferee does not violate any of the provisions of the United States Constitution or that of Ohio.

2. Contemplation of death means that expectation of death which actuates the mind of a person on the execution of his will.

3. Whether purpose of transferor was to distribute estate or do act of kindness is controlling fact in determining whether or not he made transfer in contemplation of death.

ROBINSON, J.

1. The provision of Section 5332-2, General Code, "Any transfer of property from a resident * * * , if shown to have been made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property, if so made within two years prior to the death of the transferor, shall, unless shown to the contrary, be determined to have been made in contemplaton of death within the meaning of this title," casts upon the transferee the burden of showing that a transfer of property made within two years of the death of the transferor was not made in contemplation of death.

2. The provision of Section 5332-2, General Code, casting upon the transferee the burden of showing that a transfer of property made within two years of the death of the transferor was not made in contemplation of death, is not a violation of any provision of the Constitution, either of the state of Ohio or of the United States.

3. The word "the," found between the words "that" and "expectation" in subdivision five of Section 5331, General Code, was not placed there by the Legislature and is no part of that section. Subdivision five of that section correctly reads: "Contemplation of death means that expectation of death which actuates the mind of a person on the execution of his will."

4. The controlling fact in determining whether a transferor made the transfer of property in contemplation of death is whether the purpose of the transferor was to distribute or partially · distribute his estate, or was simply to do an act of generosity or kindness.

Judgment of the Court of Appeals and of the common pleas court affirmed in part and reversed in part.

Marshall, C. J., Allen and Matthias, JJ., concur. Day, Kinkade and Jones, JJ., dissent.

## No. 495 ·

No. 20297—The Logan Gas Company v. Wilbur Keith, et al. Error to the Court of Appeals of Guernsey county.

708. LEASES.

1. Lessor who makes no complaint that his signature was procurred by deception, fraud or duress, cannot after its delivery properly acknowledge and recorded, and rentals received for four years by lessor claim it invalid on sole ground ground that his signing was procured by telephone.

2. Neither lessor nor a subsequent lessee who knowingly obtains from same lessor, a subsequent lease, can maintain an action to quiet title against lessor of first recorded lease. JONES, J.

1. A lessor of a lease who admits signing it and who makes no complaint that his signature was procured or induced by deception or fraud, cannot, after delivering to the lessee such lease which has a regular statutory certificate of acknowledgment appended thereto by the officer taking it, claim that the lease is invalid, on the sole ground that the acknowledgment of his signing was procured by telephone. Baldwin v. Snowden, 11 Ohio St., 203.

· 2. In a cross-action to quiet title against his lessee, the lessor admitted signing a lease for oil and gas in the presence of one witness; he also admitted that, over the telephone, he acknowledged his signing to a justice of the peace, who thereupon attested such signing by subscribing his name as a witness thereto. The justice of the peace also certified to such acknowledgment upon its face. No complaint was made by the lessor that any deception, fraud or duress was exercised in the procurement of his signature or in the acknowledgment. For the period of nearly four years thereafter said lessor, under the terms of the lease, received from the lessee, quarterly payments of rentals for delayed drilling, amounting in the aggregate to the sum of $376.00, none of which has been tendered back to the lessee.

HELD: Under the facts thus developed, the lessor cannot successfully maintain his action to quiet title against his lessee, on the sole ground that such acknowledgment was taken by telephone.

3. Where such lease bears a statutory certificate of acknowledgment regular upon its face and the lease, together with the acknowledgment, has been duly recorded, a subsequent lessee, who obtains from the same lessor a later lease for oil and gas upon the same premises knowing that the prior lease had been recorded and knowing also the circumstances set forth in the second proposition of this syllabus, can not maintain an action to quiet title against the lessee of the recorded first lease.

Judgment reversed.

Marshall, C. J., Allen, Kinkade, Robinson and Matthias, JJ., concur. Day, J., concurs in propositions 2 and 3 of the syllabus and in the judgment.